IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREEM MILLHOUSE, | : | |
|     Plaintiff | : | |
| | : | No. 1:19-cv-665 |
| v. | : | |
| | : | (Judge Kane) |
| UNITED STATES | : | |
| OF AMERICA, et al., | : | |
|     Defendants | : | |

## MEMORANDUM

Before the Court is pro se Plaintiff Kareem Millhouse ("Plaintiff")'s motion to file a supplemental complaint. (Doc. No. 24.) Despite receiving an extension of time to do so (Doc. Nos. 25, 26), Defendants have not filed a brief opposing the motion to file a supplemental complaint. Accordingly, the motion is ripe for resolution.

## I. BACKGROUND

Plaintiff is currently incarcerated at the Federal Correctional Complex in Coleman, Florida ("FCC Coleman"). He initiated the above-captioned action on April 18, 2019, by filing a complaint pursuant to the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), raising claims alleging that he received inadequate medical care while incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"). (Doc. No. 1.) Specifically, Plaintiff alleges that in 2017 and 2018: (1) he never received follow-up care after he underwent a lumbar laminectomy; (2) Defendants failed to evaluate him for medical shoes; and (3) Defendants failed to provide adequate pain medication. (Id.)

In an Order dated May 17, 2019, the Court granted Plaintiff leave to proceed in forma pauperis and directed service of his complaint upon Defendants. (Doc. No. 6.) On July 8, 2019,

1

the United States of America filed a motion for an extension of time to respond to Plaintiff's complaint. (Doc. No. 10.) In its motion, the United States of America indicated that on July 1, 2019, it mailed to Plaintiff a Notice of Intention to Move for Dismissal of Medical Negligence Claims for Failure to File a Certificate of Merit, which must be provided thirty (30) days "prior to the time that the defendant takes any action in pursuit of dismissal." (Id. at 2-3.) In an Order entered that same day, the Court granted the motion and directed the United States of America to answer or otherwise respond to the complaint on or before August 15, 2019. (Doc. No. 11.)

Plaintiff subsequently filed a motion to appoint counsel for the limited purpose of obtaining a certificate of merit (Doc. No. 13) and a motion for an extension of time to file a certificate of merit (Doc. No. 14). On August 12, 2019, the United States, joined by Defendants Edinger and Ayers, filed a second motion for an extension of time to respond to Plaintiff's complaint. (Doc. No. 17.) In an Order dated August 15, 2019, the Court denied Plaintiff's motion to appoint counsel without prejudice and granted his motion for an extension of time to the extent that it directed Plaintiff to file any certificate of merit within sixty (60) days. (Doc. No. 18.) The Court also granted the second motion for an extension of time filed by the United States and Defendants Edinger and Ayers and directed them to answer or otherwise respond to Plaintiff's complaint within ninety (90) days of August 15, 2019 or fourteen (14) days of the date that Plaintiff filed a certificate of merit, whichever was earlier. (Id.)

Plaintiff subsequently filed a motion for reconsideration of the denial of his motion to appoint counsel. (Doc. No. 19.) Defendants filed a brief in opposition on September 12, 2019. (Doc. No. 22.) In an Order dated September 12, 2019, the Court granted Plaintiff's motion for reconsideration, vacated its August 15, 2019 Order to the extent that it denied Plaintiff's motion to appoint counsel, and conditionally granted his motion to appoint counsel. (Doc. No. 23.) The

Court referred this matter to Michael A. O'Donnell, Esq., Chair of the Federal Bar Association's Pro Bono Committee, for the purpose of obtaining counsel for Plaintiff and stayed all filing obligations and other deadlines for forty-five (45) days. (Id.) The Court cautioned Plaintiff that if the Court was unable to locate counsel to represent him, he would be required to proceed with his case pro se. (Id.)

On September 25, 2019, Plaintiff filed his motion to file a supplemental complaint and brief in support thereof. (Doc. No. 24.) Plaintiff seeks leave to supplement his complaint to add a negligence claim against the United States of America. (Doc. No. 24-1 at 2.) Plaintiff alleges that on February 1 and March 6, 2019, he fell from his assigned upper bunk. (Id. at 1.) On the first occasion, he hurt his left knee, and he broke his right hand as a result of the second fall. (Id.) Plaintiff was subsequently seen by the medical department, which provided him a splint for his hand and diagnosed him with muscle atrophy in his right leg. (Id.) Plaintiff maintains that during the relevant time, he had "a valid lower bunk pass but [was] assigned upper bunks." (Id.) Plaintiff alleges that staff members at USP Lewisburg were negligent when they assigned him to an upper bunk without "read[ing] the lower bunk authorization posted outside [his] cell door and in 'SENTRY.'" (Id. at 2.) As noted above, despite receiving an extension of time to do so (Doc. Nos. 25, 26), Defendants have not filed a brief opposing Plaintiff's motion to file a supplemental complaint. Moreover, the Court's forty-five (45) day stay of this matter has now elapsed, and Attorney O'Donnell has notified the Court that he has been unsuccessful in locating counsel to assist Plaintiff in obtaining and filing a certificate of merit.

## II. DISCUSSION

Plaintiff seeks leave to file a supplemental complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, which provides:

3

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). A supplemental complaint "refers to events that occurred after the original pleading was filed." See Owens-Illinois, Inc. v. Lake Shore Land Co., 610 F.2d 1185, 1188-89 (3d Cir. 1979). "Factors to be considered by the Court in making [a determination under Rule 15(d)] are the same as those to be considered in motions to amend, including the promotion of a justiciable disposition of the case, the delay or inconvenience in permitting a plaintiff to supplement the complaint, any resulting prejudice to the other parties in the action, and whether the supplement would be futile." Green v. Klinefetter, No. 3:16-cv-2367, 2019 WL 80443, at *3 (M.D. Pa. Jan. 2, 2019) (citations omitted). However, "when the matters alleged in a supplemental pleading have no relation to the claim set forth and joinder will not promote judicial economy or the speedy disposition of the dispute between the parties, refusal to allow the supplemental pleading is entirely justified." Wright & Miller, Federal Practice and Procedure: Civil § 1506 at 551 (1971).

Plaintiff suggests that he should be allowed to supplement his complaint to include his negligence claim regarding bottom bunk status because he had not yet exhausted his administrative remedies for this claim prior to filing his complaint on April 18, 2019. (Doc. No. 24 at 2.) However, after consideration of the claims raised by Plaintiff in his initial complaint and that which he seeks to raise in his supplemental pleading, the Court concludes that the proposed claim bears no relation to the claims set forth in the original complaint and that joinder of such will not promote judicial economy or the speedy disposition of the dispute. Plaintiff's negligence claim concerning bottom bunk status concerns events that occurred several months

after the events alleged in the original complaint and is wholly unrelated to the claims regarding inadequate medical care raised in the original complaint. While the Court concludes that Plaintiff should not be permitted to file his supplemental pleading in the above-captioned matter, Plaintiff is free to raise his negligence claim concerning bottom bunk status in a separate civil action should he choose to do so.

### III. CONCLUSION

For the reasons set forth above, the Court will deny Plaintiff's motion to file a supplemental complaint. (Doc. No. 24.) However, this denial will be without prejudice to Plaintiff's right to file a separate civil action raising his negligence claim concerning bottom bunk status should he choose to do so. Moreover, because the Court has not been able to locate counsel to assist Plaintiff in obtaining and filing a certificate of merit, Plaintiff will be required to continue with the above-captioned action pro se. The Court will therefore lift the stay previously ordered and direct Plaintiff to file his certificate of merit within sixty (60) days of the date of this Order. An appropriate Order follows.